935 F.2d 1288
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward HILL, Defendant-Appellant.
 No. 90-6687.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 3, 1991.
Decided June 17, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-89-14, CA-90-110-CIV)
 James Edward Hill, appellant pro se.
 Robert Daniel Boyce, Office of the United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 VACATED AND REMANDED.
 Before WIDENER, K.K. HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Edward Hill appeals the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Hill pled guilty pursuant to a plea agreement to violating 21 U.S.C. Sec. 846 and was sentenced to twenty-five months imprisonment, five years supervised release, and fined. The plea agreement covered not only Hill's criminal charges but also his civil forfeiture case and his difficulties with the Internal Revenue Service. Hill's fee agreement with his attorney listed a set fee for representation in the criminal cases and a contingent fee for the forfeiture suit.
 
 
 2
 One of Hill's claims in his Sec. 2255 motion is that his attorney was ineffective due to a conflict of interest. Hill states that his attorney induced him to accept the plea agreement because the attorney would collect more money under that agreement pursuant to the contingent fee arrangement. Specifically, Hill claims that his attorney did not inform him of other plea offers from the government that could have resulted in less prison time because these agreements would have reduced the amount of money Hill's attorney would receive.
 
 
 3
 As stated by the court in United States v. Reckmeyer, 631 F.Supp. 1191, 1197 (E.D.Va.1986), "[t]he many conflicts of interest created by the attorney having a pecuniary interest in the outcome of a criminal case would almost certainly deny the defendant his unqualified right to effective assistance of counsel." Accordingly, because the district court failed to consider or rule on this claim, we remand this case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 VACATED AND REMANDED.